WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
Attorneys for P.F.I., Inc./Northwest Petroleum

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>CECERE ASSOCIATES, L.L.C., and<br>CECERE REALTY ASSOC., LLC,<br><br>           Debtors. | Chapter 11<br><br>Case Nos. 09-30759 and 09-30760<br><br>Hon. Donald H. Steckroth, U.S.B.J.<br><br>(JOINT ADMINISTRATION MOTION PENDING) |

**CERTIFICATION OF MICHAEL C. GAUS, ESQ., IN SUPPORT OF P.F.I., INC./NORTHWEST PETROLEUM'S OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 FOR AN ORDER (I) ESTABLISHING AND APPROVING BIDDING PROCEDURES WITH RESPECT TO THE SALE OF REAL PROPERTY OF THE DEBTORS AND (II) APPROVING A SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

MICHAEL C. GAUS, Esq., of full age, hereby certifies as follows:

1. I am an attorney admitted to practice law in the State of New Jersey. I represent P.F.I., Inc./Northwest Petroleum ("PFI"), in many matters, including in connection with a foreclosure action filed in New Jersey by PFI against, inter alia, debtors Cecere Associates, L.L.C. and Cecere Realty Assoc., LLC (together, "Debtors").

2. I submit this certification in support of PFI's Objection to Debtors' Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for an Order (I) Establishing and Approving Bidding Procedures with Respect to the Sale of Real Property of the Debtors and (II) Approving a Sale Free and Clear of Liens, Claims,

1197770.1

Encumbrances and Interests (the "Objection"). Unless otherwise qualified, I have personal knowledge of the facts set forth in this certification.

3. In addition to its state-court foreclosure action, I subsequently represented PFI in its negotiations with Debtors to purchase Debtors' real estate. To the best of my knowledge, at no time before, during, or after our negotiations, did Debtors or their counsel ever designate any communications, or the exchange of documents, as constituting confidential, privileged, work product or any other comparable designation to restrict the use of the communication or document.

4. Annexed as Exhibit "A", is a true and correct copy of PFI's Foreclosure Complaint filed in the Superior Court of New Jersey, Chancery Division on or about December 27, 2007 (the "State Action").

5. Annexed as Exhibit "B", is a true and correct copy of the Answer to Foreclosure Complaint filed on behalf of Cecere Associates, L.L.C., Cecere Realty Assoc., LLC, and Michael and Marina Cecere (collectively, the "Defendants") in the State Action.

6. Annexed as Exhibit "C", is a true and correct copy of "Order Dismissing Answer as Uncontested", which validated the PFI lien status and allowed for the scheduling of a hearing and additional discovery should the Defendants' contest the calculation of the amount due, entered by Chancery Court Judge Catherine M. Langlois on or about March 10, 2009.

7. Annexed as Exhibit "D", is a true and correct copy of a document captioned "Current Financial Obligations of Cecere Realty Assoc." This document was produced by Cecere Associates prior to its bankruptcy filing in connection with PFI's negotiations to purchase Debtors' real estate. No restrictions were placed on PFI's use of this document, which

was given to PFI to show that none of the sale proceeds would benefit Michael and Marina Cecere, if PFI acquired Debtors' real estate.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:  /s/ Michael Gaus
Michael C. Gaus

Dated: September 8, 2009

1197770.1                                3