# EXHIBIT 'A'

LUCAS & GAUS
61 Spring Street
PO Box 248
Newton, NJ 07860
973-579-1400
Attorneys for Plaintiff

REC'D & FILED
SUPERIOR COURT
OF NEW JERSEY

DEC 27 2007

*Kimberly J. Petty*
ACTING CLERK

| | |
|---|---|
| P.F.I., INC. d/b/a Northwest Petroleum, a New Jersey Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CECERE ASSOCIATES L.L.C. t/a Route 202 Boonton Shell, CECERE REALTY ASSOCIATES, LLC, MICHAEL A. CECERE and MARINA L. CECERE, individually<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>SUSSEX COUNTY<br>DOCKET NO. F-36071-07<br><br>Civil Action<br><br>**FORECLOSURE COMPLAINT** |

The Plaintiff, P.F.I., Inc. d/b/a Northwest Petroleum, whose principal place of business is located at 706 Route 15 South, Suite 201B, Lake Hopatcong, NJ 07849, says:

FIRST COUNT

1. On July 26, 2004, Cecere Associates, L.L.C. t/a Route 202 Boonton Shell located at 651 Myrtle Avenue, Boonton, New Jersey 07005; Cecere Realty Associates, LLC, 651 Myrtle Avenue, Boonton, NJ 07005 and Michael A. Cecere, joined by his wife, Marina L. Cecere, being indebted to P.F.I., Inc. d/b/a Northwest Petroleum, a corporation of New Jersey, in the sum exceeding $120,000.00, executed to it a Promissory Note, Motor Fuel Contract, Recapture Agreement, Lease Agreement, Security Agreement and related documents (the

-1-

"Loan Documents") to secure that sum with interest at the rate of 18% per annum, payable pursuant to the Loan Documents.

2. To secure payment of the Loan Documents, the said Cecere Realty Associates, LLC, 651 Myrtle Avenue, Boonton, NJ 07005, executed to P.F.I., Inc. d/b/a Northwest Petroleum an Open Ended Mortgage of even date with the Note and Loan Documents and thereby conveyed to it in fee the land hereinafter described, on the condition that such conveyance should be void if payment should be made according to the terms of the Note and mortgage. The mortgage was recorded in the Office of Morris County Clerk, on July 26, 2004, in Book 17777 of Mortgages for said County on pages 131 et seq. Said mortgage is not a purchase money mortgage.

3. To secure payment of the Loan Documents, the said, Michael A. Cecere, joined by his wife, Marina L. Cecere, executed to P.F.I., Inc. d/b/a Northwest Petroleum a Personal Guaranty of even date personally guarantying payment of the of the Note, Open Ended Mortgage and Loan Documents.

4. The mortgaged premises are described in the Mortgage that was recorded in the Office of Morris County Clerk, on July 26, 2004, in Book 17777 of Mortgages on pages 131 et seq as follows:

All that tract or parcel of land, situate, lying and being in the Town of Boonton, in the County of Morris, in the State of New Jersey, more commonly known as 651 Myrtle Avenue, Block 72.01 Lot: 1 and more particularly described as follows:

Beginning at a stake in the southerly side of Myrtle Avenue, where the same is intersected by the division line between the lands of Van Raalte and Montville Realty Company, which division line is also an old farm line; running thence (1) westerly along the southerly line of Myrtle Avenue, south fifty-five degrees, ten minutes west, three hundred and fifty feet to a stake; thence (2) south thirty-four degrees fifty minutes east, six feet to a stake at the foot of the slope of the Morris Canal property; thence (3) north seventy-two degrees eight minutes east, one hundred and four and fifty-five hundredths feet to a stake; thence (4) north seventy-five degrees, thirteen minutes east, ninety-one and fifty-two hundredths feet to a stake; thence (5) north seventy-nine degrees, fifty-eight minutes east, one hundred

and twelve and forty hundredths feet to a post; thence (6) along the dividing line between the lands of Van Raalte and Montville Realty Company, north six degrees, thirty minutes west, one hundred and thirty and seventy hundredths feet to the point or place of beginning. Be the said several dimensions, more or less.

The aforesaid premises are the same premises that were conveyed to the Grantors herein by Deed from George Exel and Edna W. Exel, his wife, dated May 1, 1957 and recorded in the office of the Clerk of Morris County on May 3, 1957 in Deed Book 263 at page 4, et seq.

Excepting therefrom the following described parcel of land which the Grantors have previously conveyed to the State of New Jersey by Indenture dated July 13, 1964 in Deed Book 1921 at page 24 et seq :

Parcel 75A, as indicated on Map entitled "New Jersey State Highway Department, GENERAL PROPERTY PARCEL MAP, ROUTE 287 (1953) SECTION 13, Intervale Rod to Main Road, Montville, Showing Existing Right of Way and Parcels to be Acquired in the Townships of Parsippany-Troy Hills and Montville and the Town of Boonton, County of Morris, Scale: As indicated, November 1960";

PARCEL 75A, including specifically all the land and premises located at about Station 297+00 N.B. (Center Line Stationing) bounded on the northwest by the southeasterly line of Myrtle Avenue; on the northeast by the proposed right of way line of State Highway Route 287 (1953) Section 13 as laid down on the aforesaid map; and on the south by the northerly line of lands now or formerly of the Mayor and Board of Aldermen of the Town of Boonton; all as shown on the aforesaid map.

Containing about 4,030 square feet;

The aforesaid premises are commonly known as 651 Myrtle Avenue, Boonton, New Jersey.

5. That Note and Mortgage contained an agreement that if a default was declared, the full amount of all unpaid principal, interest, advances by the mortgagee, costs of collection, attorneys fees together with all other unpaid interest and other amounts due on the Loan Documents and the Open Ended Mortgage should become immediately due.

-3-

6. Said Note and Mortgage contained a provision that if any of the installments of taxes, assessments, water charges or any municipal lien levied against the premises should remain in default, the mortgagee may pay same and such amount shall be a lien on said lands, added to the amount of the mortgage debt and secured by this mortgage.

7. In or about November, 2007, Defendants failed to pay the monthly installment of principal, interest, taxes and insurance due on said date and said monthly installment and all subsequent installments remain unpaid. Plaintiff has, therefore, elected that the whole principal sum, with all unpaid interest and advances made by the Plaintiff with unpaid interest, shall now become due.

8. The date of default is on or about November 7, 2007.

9. The said Loan Documents, specifically the Motor Fuel Contract in Paragraph 10 (a) provides that the Mortgagee may collect a late payment charge in an amount established by the Mortgagee from time to time, not to exceed the maximum allowed by law.

10. This within matter involves a Commercial Mortgage and is non-residential; therefore, the Fair Foreclosure Act does not apply.

11. This within matter involves a Commercial Mortgage, is non-residential and secures a motor fuel purchase and service station improvement contract; therefore, it does not address a pre-payment option.

12. Plaintiff has, in compliance with the mortgage documents, mailed a notice of default to the borrowers at least thirty (31) days prior to the filing of this Complaint.

13. Any interest, lien, or encumbrance which any of the named Defendants has or claims to have, in or about the mortgaged premises or any part thereof, is subject to the lien of Plaintiff's mortgage.

WHEREFORE, Plaintiff demands judgment:

-4-

(a) Appointment of a receiver of rents, issues and profits of the mortgaged land;

(b) Fixing the amount due on the mortgage of the Plaintiff;

(c) Directing the Plaintiff be paid the amount due on the mortgage, with interest, advances and costs;

(d) Adjudging the lands mortgaged be sold according to law to satisfy the amount due the Plaintiff;

(e) Foreclosing and barring the Defendants, and each of them, of all equity of redemption in and to such of said lands and premises as shall be sold;

(f) Attorneys fees and costs;

(g) For such further relief as the Court deems equitable and just.

## SECOND COUNT

14. Plaintiff repeats the allegations of paragraphs 1 to 12, inclusive, of the First Count and makes same a part hereof as if repeated at length

15. By reason of the default in the terms of the mortgage referred to in the First Count of this complaint, the Plaintiff is entitled to possession of the premises described in paragraph 3 of the First Count.

16. Defendants, Cecere Associates, L.L.C. t/a Route 202 Boonton Shell located at 651 Myrtle Avenue, Boonton, New Jersey 07005; Cecere Realty Associates, LLC, 651 Myrtle Avenue, Boonton, NJ 07005 and Michael A. Cecere, joined by his wife, Marina L. Cecere,, are now in possession of the premises described in paragraph 2 and have at all times deprived Plaintiff possession of said premises.

WHEREFORE, Plaintiff demands judgment:

(a) That Plaintiff, Plaintiff's assignee or the purchaser at the foreclosure sale recover possession of the mortgaged premises against said Defendants or anyone holding under them;

(b) Damages for mesne profits;

(c) Attorneys fees and costs;

(d) For such further relief as the Court deems equitable and just.

## CERTIFICATION

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any action pending in any Court or of a pending arbitration proceeding, except for a foreclosure action entitled *Wachovia Bank, NA vs. Cecere Realty Assoc. LLC, Michael Cecere, Marina Cecere, P.F.I., d/b/a Northwest Petroleum,* Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F32303-07 . There is there any other party who should be joined in this action, except for a possible Law Division action to collect money damages, which has yet to be filed.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Colleen M. Cunningham, Esq. (Lucas & Gaus) is hereby designated as trial counsel.

LUCAS & GAUS
Attorneys for Plaintiff

By _____
Colleen M. Cunningham

Dated: 12/21/07

-6-

## CERTIFICATION OF TITLE SEARCH

I, the undersigned, am an Attorney At Law of New Jersey with the law firm of Lucas & Gaus, Esqs. attorneys for Plaintiff in the within action, and the person actually entrusted with the conduct and management of the case. I aver that prior to the filing of this mortgage foreclosure complaint, I have received and reviewed a title search of the public record for the purpose of identifying any lienholder or other persons and entities with an interest in the property that is subject to the within foreclosure. The effective date of the title search is November 15, 2007.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Colleen M. Cunningham

I:\Clients\PFI, Inc\Cecere-Triangle Exxon\Foreclosure\complaint 12.20.07.wpd