RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Joseph L. Schwartz, Esq. (JL-5525)
J. Alex Kress, Esq. (JK-7189)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962
(973) 538-0800

Counsel to the Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | Chapter 11 |
|---|---|
| CECERE ASSOCIATES, L.L.C., and CECERE REALTY ASSOC., LLC, | Case Nos. 09-30759 and 09-30760 |
| | Hon. Donald H. Steckroth, U.S.B.J. |
| Debtors. | (JOINT ADMINISTRATION MOTION PENDING) |

APPLICATION IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACTS BETWEEN DEBTORS AND P.F.I., INC. PURSUANT TO 11 U.S.C. § 365(a) AND GRANTING RELATED RELIEF

CECERE ASSOCIATES, L.L.C. ("OpCo") and CECERE REALTY ASSOCIATES, LLC ("Realty" and, with OpCo, collectively, the "Debtors"), by and through their counsel, Riker, Danzig, Scherer, Hyland & Perretti LLP, hereby move for entry of an order, pursuant to 11 U.S.C. § 365(a), authorizing the Debtors to reject a certain executory contracts (as more fully defined below) between the Debtors and P.F.I., Inc., t/a Northwest Petroleum ("PFI") and granting related relief (the "Rejection Motion"). In support of the Motion, the Debtors respectfully represent as follows:

JURISDICTION AND VENUE

1.  This Court has jurisdiction over the Rejection Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. No prior request has been made to this Court or any other court for the relief sought herein.

## BACKGROUND[1]

A. The Debtors' Bankruptcy Petition

5. On August 7, 2009 (the "Commencement Date"), the Debtors each filed petitions for relief pursuant to Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code").

6. No trustee or examiner has been appointed herein, and the United States Trustee's Office has not formed an official committee of unsecured creditors.

7. Since the Commencement Date, the Debtors have remained in possession of their assets. However, OpCo ceased business operations in or around November 2007.

8. Prior to ceasing operations, OpCo owned and operated a gas station and convenience store at 651 Myrtle Avenue (Route 202), Boonton, New Jersey, known as Block 72.01, Lot 1 on the Tax Maps of the Township of Boonton, County of Morris, State of New Jersey (the "Real Property"). Realty owns the Real Property from which OpCo operated its gasoline station and convenience store.

9. On August 21, 2009, the Debtors filed with this Court a Motion for an Order Directing the Joint Administration of the Debtors' Chapter 11 Cases Pursuant to Fed. R. Bankr. P. 1015(b) [Docket No. 10] (the "Joint Administration Motion"). The

---

[1] A detailed description of the Debtors' business and the facts precipitating the filing of the Debtors' Chapter 11 cases is set forth in the Certification of Michael Cecere in Support of the Chapter 11 Petitions (the "Cecere Certification"), [Docket No. 13].

2

Joint Administration Motion is currently pending with a return date of September 15, 2009.

B. The PFI Agreements

10. The Debtors' relationship with PFI began in or about July 2004, at which time OpCo switched its gasoline provider from Exxon Mobil Corp. ("Exxon") to Shell Oil Co. ("Shell") through PFI.

11. The MFSC, which is dated July 26, 2004, contemplated that OpCo would purchase its gasoline exclusively from PFI for a ten (10) year period, commencing on September 1, 2004, and terminating on or about August 31, 2014.

12. The MFSC also contemplated that OpCo would purchase between 134,000 gallons and 156,000 gallons of gasoline from PFI per month. Further, the MFSC contemplated that OpCo would purchase between 16,000 gallons and 24,000 gallons of diesel fuel from PFI per month.

13. The Debtors' transaction with PFI was embodied in a complex set of seven documents (collectively, the "PFI Agreements") captioned as follows: (1) Motor Fuel Supply Contract ("MFSC"), consisting of both "Face Pages" and "Terms and Conditions"; (2) Promissory Note (the "PFI Note"); (3) Recapture Agreement; (4) Open Ended Mortgage (the "PFI Mortgage"); (5) Credit Line Agreement; (6) Security Agreement; and (7) Guarantee.

14. The PFI Agreements, specifically, the MFSC and the Recapture Agreement, also included a "right of first refusal" for PFI in connection with any sale of the Real Property. (See MFSC at ¶ 19; Recapture Agreement at ¶ 19.)

C. The Debtors Have No Need for the PFI Agreements.

15. In November 2007, the OpCo ceased its business operations. Since October 2007, OpCo's final month of operations, OpCo has not purchased any gasoline from PFI pursuant to the MFSC. Since the Commencement Date OpCo has not purchased any gasoline from PFI pursuant to the MFSC.

16. In fact, upon information and belief, PFI declared OpCo in default and terminated the MFSC as a result of OpCo's ceasing operations. But, to the extent the MFSC and other agreements have not been terminated and remain executory, the Debtors seek to reject these agreements because they are of little or no benefit to the Debtors' estates. To the contrary, they arguably are detrimental to the Debtors since PFI claims a right of first refusal and could claim ongoing obligations under the agreements as an administrative claim of the Debtors' bankruptcy estate.[2]

17. None of the potential purchasers who contacted the Debtors regarding the Real Property had any interest in assuming the PFI Agreements. Rather, they all (especially the current Stalking horse bidder Monjit Snigh and Revinder Kaur) wanted the Real Property freed from any ongoing supply arrangement under the PFI Agreements.

RELIEF REQUESTED AND BASIS THEREFOR

18. By this Motion, the Debtors seek authority, pursuant to Bankruptcy Code § 365(a) to reject the MFSC and, to the extent they remain executory, the

---

[2] The Debtors would contest any asserted administrative claim as providing no benefit to the Debtors' estates, but wish to avoid any possibility for PFI to assert such amounts and claims.

4

Recapture Agreement and the Credit Line Agreement (collectively, the "Rejected Agreements").[3]

19. Bankruptcy Code § 365 authorizes a debtor in possession, subject to Court approval, to reject executory contracts. 11 U.S.C. § 365(a). "Section 365(a) enables the trustee [or debtor in possession] to maximize the value of the debtor's estate by assuming executory contracts that benefit the estate and rejecting those that do not." In re Rickel Home Centers, Inc., 209 F.3d 291,298 (3d Cir. 2000).

20. "Although the Bankruptcy Code does not specify the standard to be applied in assessing the decision of a trustee or debtor in possession to assume or reject a contract, the Third Circuit has adopted the business judgment standard." In re Nickels Midway Pier, LLC, 341 B.R. 486, 493 (D.N.J. 2006). To satisfy the business judgment standard, a debtor in possession "needs to establish that rejection will benefit the estate. . . . Once the debtor meets its burden, the non debtor party bears the burden of proving that the debtor's decision derives from bad faith, whim or caprice." Id. (citing In re Central Jersey Airport Svcs., LLC, 282 B.R. 176, 183 (Bankr. D.N.J. 2000) (citations omitted).

21. The business judgment standard is satisfied in this matter, and the Debtors should be authorized to reject the MFSC, Recapture Agreement and Credit Line Agreement to the extent they were not terminated prior to the Commencement Date and remain executory. OpCo ceased all of its business operations in November 2007. OpCo has not purchased any gasoline from PFI pursuant to the MFSC since October

---

[3] The Debtors believe that PFI terminated the MFSC pursuant to the terms of the MFSC at some time after November 2007. However, out of an abundance of caution, the Debtors are filing this Motion to seek the Court's authority to reject the MFSC.

5

2007, and has made no gasoline purchases post-petition. Neither OpCo nor Realty have requested any additional advances under the Recapture Agreement and they have no need of any advance under the Recapture Agreement or the Credit Line Agreement. None of the potential purchasers who have contacted the Debtors about acquiring the Real Property have wanted to assume the contracts. To the contrary, the current stalking horse expressly requested that the supply agreements not be transferred to them.

22. As a result, the Debtors have no further business need for the MFSC, the Recapture Agreement or the Credit Line Agreement and rejection of the MFSC, the Recapture Agreement and the Credit Line Agreement is within the Debtors' sound business judgment.

23. Additionally, if the MFSC, Recapture Agreement and Credit Line Agreement are not rejected, it is possible that unnecessary administrative expenses will be incurred by the Debtors, with no concomitant benefits to the Debtors or their estate.[4]

24. Finally, PFI has asserted an ongoing right of first refusal with respect to the Real Property with which the Debtors should not be burdened.

## NOTICE

25. The Debtors shall serve notice of this Motion upon (i) the United States Trustee; (ii) counsel to PFI; (iii) all secured creditors; and (iv) all parties who receive service via the Court's ECF system. The Debtors respectfully submit that no further notice of the Motion need be given under the circumstances and that such notice constitutes good and sufficient notice of the relief requested herein.

---

[4] The Debtors reserve the right to challenge any request by PFI for allowance or payment of administrative expenses pursuant to the Rejected Agreements.

6

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court (i) enter the accompanying order granting the Debtors authority to reject the MFSC and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

DATED:   September 11, 2009　　　　　　　　Respectfully submitted,
　　　　　　Morristown, New Jersey

　　　　　　　　　　　　　　　　　　　　　　RIKER DANZIG SCHERER HYLAND
　　　　　　　　　　　　　　　　　　　　　　　 & PERRETTI LLP
　　　　　　　　　　　　　　　　　　　　　　Counsel to the Debtors

　　　　　　　　　　　　　　　　　　　　　　By:    /s/ J. Alex Kress
　　　　　　　　　　　　　　　　　　　　　　　　　　J. Alex Kress

3979229.1

7